WILLIAM BLUE

v.

MARY CHRIST.

4   351
79   214

ASSAULT AND BATTERY—AIDING AND ABETTING.—One is not responsible for a beating inflicted by another, however wrongful it may be, simply because he thinks the punishment deserved, or is pleased at it, or thinks well of it. He must do some act, though never so slight, to encourage the beating, before he is responsible for it. He is not legally responsible for the opinions he entertains, however unjust and perverted they may be, but is responsible for all his acts.

APPEAL from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed October 2, 1879.

Mr. B. D. LUCAS and Mr. J. H. ROWELL, for appellant; that an instruction telling the jury that unless a witness is corroborated by unimpeached testimony he is not to be believed, is erroneous, cited Huddle v. Martin, 54 Ill. 258; Angelo v. Faul, 85 Ill. 106.

A person simply standing by and approving an assault, but doing or saying nothing to encourage it, is not liable: Brook v. Ashburn, 9 Ga. 297; Johnson v. Thompson, 1 Bald. 571; Richardson v. Emerson, 3 Wis. 319; Berry v. Fletcher, 1 Dil. 67; Brown v. Perkins, 1 Allen 89; McManus v. Lee, 43 Mo. 207; Eddy v. Howard, 23 Iowa, 175; Cooley on Torts, 127.

Messrs. OSBORN & LILLARD and Messrs. FIFER & PHILLIPS, for appellee; that one who commends or approves is equally guilty with one who performs the act, cited Olsen v. Upsahl, 69 Ill. 273; Dedman v. Barber, 1 Scam. 254; Bishop v. Ely,

9 Johns. 293; Brown v. Perkins, 1 Allen, 86; McManus v. Lee, 43 Mo. 207.

HIGBEE, J.   This was a suit in trespass by appellee against appellant to recover damages for an alleged assault and battery.   The plea was not guilty.

The evidence tends to show that one Lukens assaulted and beat appellee, and that appellant was present at the time, but there is a conflict in the evidence as to whether or not he participated in the commission of the wrongful act.

Witnesses for appellee say that appellant actually struck both appellee and her husband.   This is denied by the witnesses of appellant who were present and saw the difficulty; they say that appellant did not participate in the fight, and that he in no manner aided, abetted, assisted or encouraged Lukens; that he had nothing to do with the difficulty in any manner whatever.   At the instance of appellee the court, against the objections of appellant, instructed the jury as follows:

"The court instructs the jury, that if they believe from the evidence that one Jake Lukens assaulted the plaintiff, as sworn to by her, and that the defendant, Blue, stood by and aided, abetted, assisted, or encouraged Lukens in making said assault, or stood by and approved the same, then the said Blue is equally liable for said assault with said Lukens, and the jury should find him guilty."

The court also modified appellant's third instruction, as asked, by inserting the words in italics, and gave it, as follows:

"The court instructs the jury, that although you may believe from the evidence that Lukens struck and beat the plaintiff, and the defendant, Blue, stood by and saw the assault, yet, unless the plaintiff has further shown by a preponderance of evidence that the defendant, Blue, advised or aided Lukens to make the assault, *or approved the act of Lukens*, the defendant, Blue, would not be responsible for the act of Lukens."

In this case there are no accessories; all who aid, abet, assist, or encourage the act are principals, and it is not necessary that the encouragement should be by words.   It may be as

effectually given by signs or motions, as ·by words or writing. It is enough that the party by his acts incites or counsels another to do the unlawful act; in other words, intentionally encourages its perpetration. These instructions authorize a verdict of guilty, if the defendant was present when appellant was assaulted and beaten by Lukens, and approved the act of Lukens. He need not aid, abet, assist, advise or encourage the act, or in any manner incite Lukens to its perpetration; but if he mentally approves it, he may be convicted.

Such is not the law. One is not responsible for a beating inflicted by another, however wrongful. it may be, simply because he thinks the punishment deserved, or is pleased at it, or thinks well of it. He must do something more. Some act, though never so slight, to encourage it, before he is responsible for it. He is not legally responsible for the opinions he entertains, however unjust and perverted they may be, but he is responsible for all his acts.

These instructions do not correctly embody the law, and for that reason the judgment is reversed, and the cause remanded.

Reversed and remanded.